The **BOARD OF ELECTIONS OF** the **CITY OF NEW YORK et al.,**
Plaintiffs,

v.

John P. **LOMENZO, Secretary of State of the State of New York, Defendant.**

No. 72 Civ. 3777.

United States District Court,
S. D. New York.
May 22, 1973.

Norman Redlich, Corp. Counsel, New York City, for plaintiffs Board of Elections and others; Mary P. Bass, New York City, of counsel.

New York Civil Liberties Union, New York City, for plaintiffs First Vote, Youth Citizenship Fund, Alan Epstein and Richard Johnson; Burt Neuborne, Arthur Eisenberg, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen., State of New York, New York City, for defendant; Robert S. Hammer, Asst. Atty. Gen., of counsel.

## MEMORANDUM

TENNEY, District Judge.

Plaintiffs herein move pursuant to 28 U.S.C. §§ 2281 and 2284 (1970) for an order convening a statutory court of three judges to hear and determine their application for a declaratory judgment and preliminary and permanent injunction restraining enforcement of a New York State statute of statewide applicability allegedly in conflict with the Constitution of the United States.

Basing jurisdiction upon 42 U.S.C. § 1983 (1970) and 28 U.S.C. § 2201 et seq. (1970), movants allege that N.Y. Election Law § 355 (McKinney's Consol.Laws, c. 17 Supp.1972), which prohibits plaintiffs from conducting central voter registration on Sundays: (a) effects an unconstitutional establishment of religion in violation of the first amendment; (b) prohibits the free exercise of religion in violation of the first amendment; (c) unlawfully discriminates against Sabbatarians in violation of the first and fourteenth amendments; and (d) constitutes an unlawful impediment to the franchise in violation of the first, fourteenth, fifteenth and twenty-sixth amendments.

N.Y. Election Law § 355 provides, in pertinent part:

"Any qualified person may register at the main office of the board of elections or any branch office thereof at any time during the hours that such office is regularly open for business, or at any other time which the board of elections in its discretion may permit, on any day which is not a Sunday, holiday or day of election. . . ."

Movants argue that the provision challenged herein, by prohibiting the Board of Elections from allowing volunteer deputy election registrars to conduct voter registration on Sundays, first, insofar as it favors the Christian religion by prohibiting voter registration, a secular activity, on the Christian Sabbath, constitutes an establishment of religion in violation of the first amendment. Plaintiffs submit that the supporting rationale of the "Sunday Closing" cases—McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); Two Guys from Harrison-Allentown, Inc. v. McGinley, 366 U.S. 582, 81 S.Ct. 1135, 6 L.Ed.2d 551 (1961); Gallagher v. Crown Kosher Super Market, Inc., 366 U.S. 617, 81 S.Ct. 1122, 6 L.Ed.2d 536 (1961)—is inapplicable here, and that under later establishment clause cases, the statute is unconstitutional. That is, plaintiffs contend that Sunday closing laws were upheld by the Supreme Court on the grounds: (1) that these statutes, although originally religious in purpose, today serve the uniquely secular function of providing a uniform day of rest and recreation for the community; (2) that prohibition of economic activity to promote such an end is within the general power of the states to provide for the health, safety and welfare of their inhabitants; and (3) that there were no feasible alternative means available to serve the legitimate secular end of the statutes because "one-day-in-seven" statutes would not secure the desired uniformity. So, plaintiffs argue, while the statute challenged herein on its face clearly favors the Christian religion by prohibiting people of all religions from engaging in a secular activity on the Christian Sabbath, the ameliorating factors which existed in the Sunday Closing cases to justify the state statutes do not exist in the present case, i. e., the salutary provision of a uniform day on which the community can spend its leisure together cannot justify the limitation of a great civil right, the exer-

cise of which not only does not interfere with the community purpose of the day, but rather enhances and is facilitated by such purpose. Moreover, while the activity affected in the Sunday Closing cases was economic, and traditionally within the broad police power of the states, here the activity affected is the franchise, a fundamental civil right. When dealing with the franchise, it consistently has been held that a state must show a compelling interest to justify any legislative infringement on that right. Dunn v. Blumstein, 405 U.S. 330, 335, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972); Kramer v. Union Free School District No. 15, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969).

Second, plaintiffs argue that § 355 offends the free exercise clause of the first amendment by having the effect of prohibiting Sabbatarians, who may work during the week and for whom Saturday registration is not feasible, from having the opportunity to register. Such a situation creates a forced choice between violating religious doctrine by registering on Saturday and losing the right to vote by not registering at all. Under the holding in Sherbert v. Verner, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963), plaintiffs submit that the state must show a compelling interest in keeping registration facilities closed on Sundays to justify the infringement embodied in the forced choice.

Third, plaintiffs argue that § 355 unlawfully discriminates against Sabbatarians in violation of the first and fourteenth amendments by creating an invidious and capricious classification based on religion. Just as classifying potential voters on the basis of geography (Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964); Gray v. Sanders, 372 U.S. 368, 83 S.Ct. 801, 9 L.Ed.2d 821 (1963)), wealth (Harper v. Virginia Board of Elections, 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966)), taxpayer status (City of Phoenix v. Kolodziejski, 399 U.S. 204, 90 S.Ct. 1990, 26 L.Ed.2d 523 (1970); Kramer v. Union Free School District No. 15,

*supra,* 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583) and residence (Evans v. Cornman, 398 U.S. 419, 90 S.Ct. 1752, 26 L.Ed.2d 370 (1970); Carrington v. Rash, 380 U.S. 89, 85 S.Ct. 775, 13 L.Ed.2d 675 (1965)) have been held invalid on the grounds that such considerations bear no reasonable relationship to the subject matter of the election or to a citizen's ability to participate intelligently in the electoral process, so, too, plaintiffs argue a classification based on religion is likewise unconstitutional. The capriciousness of the statute is emphasized by the fact that New York allows local voter registration on Sundays, but not central registration. In the alternative, plaintiffs argue that § 355 unlawfully discriminates by making registration much more difficult for Sabbatarians and working people.

Fourth, plaintiffs contend that § 355 infringes the right to vote by conforming the exercise of this fundamental constitutional right to exigencies of the Christian Sabbath. Since the right to register is necessarily a component part of the right to vote—Lane v. Wilson, 307 U.S. 268, 59 S.Ct. 872, 83 L.Ed. 1281 (1939); Bishop v. Lomenzo, 350 F.Supp. 576, 587 (E.D.N.Y.1972) (three-judge court)—plaintiffs submit that the deprivation of Sunday as a registration day is a substantial deprivation within the cases, *cf.,* Williams v. Rhodes, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968), and that the state has the burden of showing a compelling interest to justify this limitation of the right to vote.

It is defendant's position that § 355, unlike laws which exclude whole classes of citizens from voting, at the very most only causes some inconvenience to certain groups wishing to register, and as such, its constitutionality is to be judged according to the "rational basis" standard. McDonald v. Board of Election Commissioners, 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969); Fidell v. Board of Elections, 343 F.Supp. 913 (E.D.N.Y.) (three-judge court), aff'd, 409 U.S. 972, 93 S.Ct. 310, 34 L.Ed.2d 236 (1972). Defendant also submits that

case law supports the proposition that a state may constitutionally set aside one day of the week as a day of rest and limit commercial or governmental activity, as in the instant case. McGowan v. Maryland, *supra,* 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393; Tilton v. Richardson, 403 U.S. 672, 678–679, 91 S.Ct. 2091, 29 L.Ed.2d 790 (1971).

While defendant has submitted both reason and authority that may persuade a three-judge court ultimately to deny the relief requested herein, I find no Supreme Court authority directly dispositive of the issues raised and, further, that the questions to be considered are neither constitutionally insubstantial nor patently without merit.

Accordingly, and for the foregoing reasons, the Court will today notify the Chief Judge of this Circuit that a three-judge court ought to be convened pursuant to 28 U.S.C. § 2284.

So ordered.